FULL NAME
_Fernando Miguel DeOliveira_
COMMITTED NAME (if different)
_5252 EL Cajon Blvd #218_
FULL ADDRESS INCLUDING NAME OF INSTITUTION
_San Diego, CA - 92115_
_WG9570_
PRISON NUMBER (if applicable)

```
FILED
CLERK, U.S. DISTRICT COURT

5/21/24

CENTRAL DISTRICT OF CALIFORNIA
BY: ___mz___ DEPUTY
```

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

_Fernando Miguel DeOliveira_

PLAINTIFF,

v.

_CDCR - California Institution for Women_

_L. Parker, Cpt. Gonzales, Scott CCII._ DEFENDANT(S).

CASE NUMBER
5:24-cv-01113-MEMF-RAO
_To be supplied by the Clerk_

## CIVIL RIGHTS COMPLAINT
PURSUANT TO _(Check one)_
☐ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

A. **PREVIOUS LAWSUITS**

1. Have you brought any other lawsuits in a federal court while a prisoner: ☒ Yes   ☐ No

2. If your answer to "1." is yes, how many? ____"1"____

   Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

   _Deliberate indifference Cruel and Unusual Punishment on Transgender affirming Health and mental Health Care. Professional Negligence, deprived of Trans Health as is in the community._

a. Parties to this previous lawsuit:
   Plaintiff _(Fernando Miguel De Oliveira_

   Defendants _Warden's De la Cruz, Williams - CDCR Secretary Macomber_
   _Chief Medical Executives Dr. A. Ola & J. Elliot._

b. Court _The United States District Court For The Eastern District_
   _Of California - 2500 Tulare Street, Room 1501 - Fresno California_

c. Docket or case number _1:23-CV-01022-EPG_

d. Name of judge to whom case was assigned _Judge Erica P. Grosjean_

e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it
   appealed? Is it still pending?) _Going to go into litigation (Pending)_

f. Issues raised: _Medical & Mental Health Deliberate indifference_
   _which has caused cruel and unusual punishment in_
   _the specialized practice of transgender transitioning care._

g. Approximate date of filing lawsuit: _12/20/2023_

h. Approximate date of disposition _____

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint
   occurred? ☒ Yes   ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint? ☒ Yes   ☐ No

   If your answer is no, explain why not _____

   _____

   _____

3. Is the grievance procedure completed? ☒ Yes   ☐ No

   If your answer is no, explain why not _____

   _____

4. Please attach copies of papers related to the grievance procedure.

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff _(Fernando Miguel De Oliveira_
                                                          (print plaintiff's name)

who presently resides at _CIW - 16786 Chino-Corona Rd Corona CA - 92882_ ,
                         (mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

_K. Seiter; L. Parker; Cpt. Gonzalez; Scott CCII, - Corona California (CIW)_
(institution/city where violation occurred)

on (date or dates) _December 01, 2022, May 01, 2023_ .
(Claim I)        (Claim II)                    (Claim III)

NOTE:    You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1.  Defendant _K. Seiler_ resides or works at
(full name of first defendant)

_P.O. Box 1501, Chowchilla CA - 93610-1501_
(full address of first defendant)

_Correctional Counsiler, CCII_
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual    ☒ official capacity.

Explain how this defendant was acting under color of law:

_CCII - has made a very clear statement on grounds of discriminiation deprived legal Rights. Utilizing a Underground document to place a potential ICE Hold, Document CDCR 2235_

2.  Defendant _L. Parker_ resides or works at
(full name of first defendant)

_16786 Chino - Corona Rd._
(full address of first defendant)

_Corona CA - 92882_ / _Warden at California Institution For (CIW) - Women_
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual    ☒ official capacity.

Explain how this defendant was acting under color of law:

_Has not been consistent to the Senate Bill No.54, Chapter 495, section - 7284.10 (a)(b). Violated this Bill by breach of information._

3.  Defendant _Cpt. Gonzales_ resides or works at
(full name of first defendant)

_16786 Chino-Corona Rd._
(full address of first defendant)

_Captain (CIW)-California Institution For Women_
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual    ☒ official capacity.

Explain how this defendant was acting under color of law:

_Using forms such as CDCR 2235 and on Legal Summary forms using p.c. 2933 (repealed) depriving me of all my legal rights, and not being consistent to the laws._

4. Defendant _Scott_ resides or works at
(full name of first defendant)

_16786 Chino Corona Rd., Corona CA - 92882_
(full address of first defendant)

_Correctional Counsiler CCII (Leutinent) (CIW)_
(defendant's position and title, if any) _California Institution for Women._

The defendant is sued in his/her (Check one or both): ☒ individual    ☒ official capacity.

Explain how this defendant was acting under color of law:

_Deprived me of my 33% credits, deprived me of rehabilitation programs and using a policy that is of CDCR-Violating my rights._

5. Defendant _"John Doe"_ resides or works at

(full name of first defendant)

_16786 Chino Corona CA - 92882_
(full address of first defendant)

_Records Department_
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual    ☒ official capacity.

Explain how this defendant was acting under color of law:

_Denial of the due process of the law. Violating my Constitutional rights, lack of adequate safeguard and utilizing PC. 2933 on legal summary (Repealed) to not give the legal credits that was to be given and using a underground policy to place me under review by ICE and violating the law._

D. CLAIMS*

CLAIM I

The following civil right has been violated:

CDCR, both facilities violate the Senate Bill 54, Chapter-495, Section 7284.10 (a)(b).

Their violations has been unconstitutional by not protecting me. Under the Equal Protection Clause, Breaching by sharing my data with (ICE) - Immigration Customs authority.

CDCR has created a underground policy, form 2235 CDCR which will Show 1 - Discrimination, by my national origin Brazil, being a lawful Permanent Resident of the U.S.A since 1984. 2 - Denial of my equal protection rights. 3 - Unjustified discrimination based on where I was born and 4. CDCR has made their jurisdiction a prison to detain any person who they detect is illigal, sharing our data with ICE and using their position as a way to deny the Constitutional Rights that are given to me.

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

CDCR Continues to violate my rights. Act of retaliation due to Lawsuit on Transgender Medical. I'm a permenint resident of the USA and CCWF has violated INA - Immigration Nationality Act of 1990. San Diego Central Court sentenced on July 11,2022. Courts have the power to look into my immigration status within 30 days of my sentencing. I was clear of INS and was sent to CDCR prison on September 28,2022. Upon my entry, I was asked where I was born. I stated the truth, Brazil and CDCR - CCWF and CIW have taken upon their own authority to detain me from credits that was given, and also by using their unlawful document which is not abiding by the law.

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.*

## E. REQUEST FOR RELIEF

I believe that I am entitled to the following specific relief:

Punitive damages, civil violations under the TRUTH ACT Chapter. 17.2 section 7283.

Punitive damages on Breach - Sharing my data with "ICE".

Punitive damages by detaining me and not giving me my equal rights. Department of Corrections CDCR, has used their power for immigration enforcement purposes.

Punitive Damages on Violating the Senate Bill 54, Chapter 495, section 7284.10 (a)(b).

Punitive Damages for not providing me Protection Under the Equal Protection Clause.

Using my place of Birth Brazil in Alienage classification.

And Punitive Damages in Discrimination.

05/20/2024
(Date)

_(Signature of Plaintiff)_

Immidiate Help Please!

CDCR has me paroling into the hands of ICE - and has violated all the laws. They have also acted inconstitutional.

Fernando M. deOliveira

RECEIVED

MAY - 1 2023

CCWF
GREIEVANCE OFFICE

_Concerns of OAL - CDCR Regulations & Policy Management Branch_  _March 10, 202_

—     I am writing to inform the branch about CDCR - CCWF prison officials and prison employees not abiding by my rights that are lawfully provided to me by the law, to protest and also to correct the problems through administrative remedies.

—     There are several problems that haven't been corrected and the fail to not correct them are causing me to be withheld to be free from cruel and unusual punishment. Causing me to suffer more psychological problem and not having human dignity to provide what the law has placed for LGBTQ - Transgender female to male in transitional treatment with disab. and mental health illness, for safety and fear danger.

—     All the provided information on the supporting facts came from priso law book and library.

_Supporting facts:_

_Title 15, Division 3. Crime and prevention. / 3043.1_

(pg. 41) Pre-sentence Credit. - the sentencing court of _San Diego California_ on 07-11 at 1:30 p.m, _Honorable Judge-Daniel F. Link_, _Department 1101_, _clerk_ B. Estrada, _reporter_ Temela Ervin, CSR 9685. _Sentence_ of 3yrs. 8 month to 4 counts - 1 of the counts run concurrent with it - pre-sentence credit o 713 days. CCWF has only applied the credits from SCD 92157, SCE 407363 SCE 408070. CCWF hasn't provided my credits of SCE 397593 - 4CO total credits missing.

Have grieved CCWF department and there has been no change on my out date since recieved at CCWF - on September 28, 2022 - out date of EPRD of 05/31/2024 remains the same.

Credits that I served in county on the 4 counts one which was added to run concurrent with the other three were not applied. —

RECEIVED

MAY - 3 2023

CCWF
GREIEVANCE OFFICE

3043.3. Good Conduct Credit.

CDCR hasn't also provided me with Good Conduct Credit. CDCR gave me 33% and removed my "VIO" and has not provided me the 33%. One day credit for every two days are being withheld also from me. I have asked for Hayyessel Hearing and also this hasn't been provided. My Public Defender C. Anderson is to be sending me the transcripts from the sentencing date, where it will match with the abstract of the judgement.

pg. 226

3376. Classification Committees. (c)

Had no choice, but to come back to CCWF due to the impidiate closure of Folsom Womens Facility on 12/19/2022. Committee at Folsom put down my options of prisons to go to - ① R.J. Donovan State Prison and ② CIW Knowing they provide two man cells and that I'm transgender. Folsom Committee also made me aware that upon seeing committee classification back at CCWF, they could be able to transfer me. December 29, 2022 - The committee that had been provided to me was as of general population - CC1-Guana, CCII Hernandez and Captain Gonzoles, didn't give me any options and didn't give me a special committee that included, mental health clinician Ms. Tassop, mental health supervisor Ms. Gonzoles, transgender Doctor Glass and medical.

A special committee should had been assigned to me knowing that I am transgender, I have the SB132 rights, I have a disability, medical problems and a mental health illness.

pg. 229

3376.1. Departmental Review Board -

(pg. 2-3)

RECEIVED

MAY - 1 2023

CCWF
GREIEVANCE OFFICE

hasn't made a review of all the classification issues that have created a barrier in my freedom and rights.

General Rights Regarding Placement and Transfers (Prisoner Law Handboo. Chapter 4. 4.2 Federal Constitutional Rights.

① My family all reside in San Diego California. My mother is 74year old and relies on my younger sister to take her from A to B. My moth can't travel distances.

② Officials are restricting me to be transferred to RJ Donovan State Prison where it is one of the HUB prisons that take transgender

③ Officials are restricting me to go to CCTRP or MCTP program in Sa Diego California to finish my term and parole in the County when I reside in.

④ Prison Officials are violating the Eighth Amendment and are not plac. me where I can be treated with my medical physician in the Community whom can help me get the proper diagnosis I'm needin from 18 months of medical malpractice and neglict.

⑤ There are many factors that they are not considering, many rules and policies violated and my rights are taken.

Title 15. pg. 230.

3377. Facility Security Level.

(a) I'm a level 1 - 9 points - write up free (Officials overlook also)

Article 6.7 Transfer of Inmate Assessment Responsibility pg. 74

3077. County Assessment Program.

CCTRP and MCTP in San Diego California the county where I am from has been denied by CCII SEILAR - using the underground

RECEIVED

MAY - 1 2023

CCWF
GREIEVANCE OFFICE

illegal law, by having me wait to be cleared by an "ICE" interview. I'm a lawful resident of the USA and I'm not an immigrant. CCWF still violates the INA - Immigration Nationality Act of 1990. Also violating Prison law book Chapter 13. 13.7.

CDCR-CCWF Shall Not hold anyone back from programs or credits/ - percentages on anyone who is pending an interview from the ICE office.

Title 15. pg 77
3078. Alternative Custody Program.
(c)(d)(e) was never provided to me and has also been taken from my rights.
pg. 82. 3084.1. Right to appeal
The time limit of review on the 1st level review of 30 days are violated by CCWF review of policies. 1st level review has now been extended to 60 days on the 1st level.
I will be providing with this the attached 602 grievances and 1st review letter of the violation of a waiting period of 60 days.

I'm asking for your intervention in all these matters in which are causing a cruel unusual punishment and is causing also a spike on my mental health and medical conditions.
CCWF - hasn't been able to provide me adequate care for health conditions that require specialty service in a timely manner. Causing to place my health conditions at risk.
Please help me.        Thank You -
                          Fernando M. de Oliveira
                          WG9570 / 514-2 / CCWF



## *California*
## LEGISLATIVE INFORMATION

Home    Bill Information    California Law    Publications    Other Resources    My Subscriptions    My Favorites

**SB-54 Law enforcement: sharing data.** (2017-2018)

SHARE THIS:                                     Date Published: 10/05/2017 09:00 PM

### Senate Bill No. 54

### CHAPTER 495

An act to amend Sections 7282 and 7282.5 of, and to add Chapter 17.25 (commencing with Section 7284) to Division 7 of Title 1 of, the Government Code, and to repeal Section 11369 of the Health and Safety Code, relating to law enforcement.

[ Approved by Governor  October 05, 2017. Filed with Secretary of State October 05, 2017. ]

### LEGISLATIVE COUNSEL'S DIGEST

SB 54, De León. Law enforcement: sharing data.

Existing law provides that when there is reason to believe that a person arrested for a violation of specified controlled substance provisions may not be a citizen of the United States, the arresting agency shall notify the appropriate agency of the United States having charge of deportation matters.

This bill would repeal those provisions.

Existing law provides that whenever an individual who is a victim of or witness to a hate crime, or who otherwise can give evidence in a hate crime investigation, is not charged with or convicted of committing any crime under state law, a peace officer may not detain the individual exclusively for any actual or suspected immigration violation or report or turn the individual over to federal immigration authorities.

This bill would, among other things and subject to exceptions, prohibit state and local law enforcement agencies, including school police and security departments, from using money or personnel to investigate, interrogate, detain, detect, or arrest persons for immigration enforcement purposes, as specified, and would, subject to exceptions, proscribe other activities or conduct in connection with immigration enforcement by law enforcement agencies. The bill would apply those provisions to the circumstances in which a law enforcement official has discretion to cooperate with immigration authorities. The bill would require, by October 1, 2018, the Attorney General, in consultation with the appropriate stakeholders, to publish model policies limiting assistance with immigration enforcement to the fullest extent possible for use by public schools, public libraries, health facilities operated by the state or a political subdivision of the state, and courthouses, among others. The bill would require, among others, all public schools, health facilities operated by the state or a political subdivision of the state, and courthouses to implement the model policy, or an equivalent policy. The bill would state that, among others, all other organizations and entities that provide services related to physical or mental health and wellness, education, or access to justice, including the University of California, are encouraged to adopt the model policy. The bill would require that a law enforcement agency that chooses to participate in a joint law enforcement task force, as defined, submit a report annually pertaining to task force operations to the Department of Justice, as specified. The bill would require the Attorney General, by March 1, 2019, and annually

(Q) A crime resulting in death, or involving the personal infliction of great bodily injury, as specified in, but not limited to, subdivision (d) of Section 245.6 of, and Sections 187, 191.5, 192, 192.5, 12022.7, 12022.8, and 12022.9 of, the Penal Code.

(R) Possession or use of a firearm in the commission of an offense.

(S) An offense that would require the individual to register as a sex offender pursuant to Section 290, 290.002, or 290.006 of the Penal Code.

(T) False imprisonment, slavery, and human trafficking, as specified in, but not limited to, Sections 181, 210.5, 236, 236.1, and 4503 of the Penal Code.

(U) Criminal profiteering and money laundering, as specified in, but not limited to, Sections 186.2, 186.9, and 186.10 of the Penal Code.

(V) Torture and mayhem, as specified in, but not limited to, Section 203 of the Penal Code.

(W) A crime threatening the public safety, as specified in, but not limited to, Sections 219, 219.1, 219.2, 247.5, 404, 404.6, 405a, 451, and 11413 of the Penal Code.

(X) Elder and dependent adult abuse, as specified in, but not limited to, Section 368 of the Penal Code.

(Y) A hate crime, as specified in, but not limited to, Section 422.55 of the Penal Code.

(Z) Stalking, as specified in, but not limited to, Section 646.9 of the Penal Code.

(AA) Soliciting the commission of a crime, as specified in, but not limited to, subdivision (c) of Section 286 of, and Sections 653j and 653.23 of, the Penal Code.

(AB) An offense committed while on bail or released on his or her own recognizance, as specified in, but not limited to, Section 12022.1 of the Penal Code.

(AC) Rape, sodomy, oral copulation, or sexual penetration, as specified in, but not limited to, paragraphs (2) and (6) of subdivision (a) of Section 261 of, paragraphs (1) and (4) of subdivision (a) of Section 262 of, Section 264.1 of, subdivisions (c) and (d) of Section 286 of, subdivisions (c) and (d) of Section 288a of, and subdivisions (a) and (j) of Section 289 of, the Penal Code.

(AD) Kidnapping, as specified in, but not limited to, Sections 207, 209, and 209.5 of the Penal Code.

(AE) A violation of subdivision (c) of Section 20001 of the Vehicle Code.

(4) The individual is a current registrant on the California Sex and Arson Registry.

(5) The individual has been convicted of a federal crime that meets the definition of an aggravated felony as set forth in subparagraphs (A) to (P), inclusive, of paragraph (43) of subsection (a) of Section 101 of the federal Immigration and Nationality Act (8 U.S.C. Sec. 1101), or is identified by the United States Department of Homeland Security's Immigration and Customs Enforcement as the subject of an outstanding federal felony arrest warrant.

(6) In no case shall cooperation occur pursuant to this section for individuals arrested, detained, or convicted of misdemeanors that were previously felonies, or were previously crimes punishable as either misdemeanors or felonies, prior to passage of the Safe Neighborhoods and Schools Act of 2014 as it amended the Penal Code.

(b) In cases in which the individual is arrested and taken before a magistrate on a charge involving a serious or violent felony, as identified in subdivision (c) of Section 1192.7 or subdivision (c) of Section 667.5 of the Penal Code, respectively, or a felony that is punishable by imprisonment in state prison, and the magistrate makes a finding of probable cause as to that charge pursuant to Section 872 of the Penal Code, a law enforcement official shall additionally have discretion to cooperate with immigration officials pursuant to subparagraph (C) of paragraph (1) of subdivision (a) of Section 7284.6.

SEC. 3. Chapter 17.25 (commencing with Section 7284) is added to Division 7 of Title 1 of the Government Code, to read:

CHAPTER 17.25. Cooperation with Immigration Authorities

7284. This chapter shall be known, and may be cited, as the California Values Act.

(f) Nothing in this section shall prohibit a California law enforcement agency from asserting its own jurisdiction over criminal law enforcement matters.

7284.8. (a) The Attorney General, by October 1, 2018, in consultation with the appropriate stakeholders, shall publish model policies limiting assistance with immigration enforcement to the fullest extent possible consistent with federal and state law at public schools, public libraries, health facilities operated by the state or a political subdivision of the state, courthouses, Division of Labor Standards Enforcement facilities, the Agricultural Labor Relations Board, the Division of Workers Compensation, and shelters, and ensuring that they remain safe and accessible to all California residents, regardless of immigration status. All public schools, health facilities operated by the state or a political subdivision of the state, and courthouses shall implement the model policy, or an equivalent policy. The Agricultural Labor Relations Board, the Division of Workers' Compensation, the Division of Labor Standards Enforcement, shelters, libraries, and all other organizations and entities that provide services related to physical or mental health and wellness, education, or access to justice, including the University of California, are encouraged to adopt the model policy.

(b) For any databases operated by state and local law enforcement agencies, including databases maintained for the agency by private vendors, the Attorney General shall, by October 1, 2018, in consultation with appropriate stakeholders, publish guidance, audit criteria, and training recommendations aimed at ensuring that those databases are governed in a manner that limits the availability of information therein to the fullest extent practicable and consistent with federal and state law, to anyone or any entity for the purpose of immigration enforcement. All state and local law enforcement agencies are encouraged to adopt necessary changes to database governance policies consistent with that guidance.

(c) Notwithstanding the rulemaking provisions of the Administrative Procedure Act (Chapter 3.5 (commencing with Section 11340) of Part 1 of Division 3 of Title 2), the Department of Justice may implement, interpret, or make specific this chapter without taking any regulatory action.

7284.10. (a) The Department of Corrections and Rehabilitation shall:

(1) In advance of any interview between the United States Immigration and Customs Enforcement (ICE) and an individual in department custody regarding civil immigration violations, provide the individual with a written consent form that explains the purpose of the interview, that the interview is voluntary, and that he or she may decline to be interviewed or may choose to be interviewed only with his or her attorney present. The written consent form shall be available in English, Spanish, Chinese, Tagalog, Vietnamese, and Korean.

(2) Upon receiving any ICE hold, notification, or transfer request, provide a copy of the request to the individual and inform him or her whether the department intends to comply with the request.

(b) The Department of Corrections and Rehabilitation shall not:

(1) Restrict access to any in-prison educational or rehabilitative programming, or credit-earning opportunity on the sole basis of citizenship or immigration status, including, but not limited to, whether the person is in removal proceedings, or immigration authorities have issued a hold request, transfer request, notification request, or civil immigration warrant against the individual.

(2) Consider citizenship and immigration status as a factor in determining a person's custodial classification level, including, but not limited to, whether the person is in removal proceedings, or whether immigration authorities have issued a hold request, transfer request, notification request, or civil immigration warrant against the individual.

7284.12. The provisions of this act are severable. If any provision of this act or its application is held invalid, that invalidity shall not affect other provisions or applications that can be given effect without the invalid provision or application.

SEC. 4. Section 11369 of the Health and Safety Code is repealed.

SEC. 5. If the Commission on State Mandates determines that this act contains costs mandated by the state, reimbursement to local agencies and school districts for those costs shall be made pursuant to Part 7 (commencing with Section 17500) of Division 4 of Title 2 of the Government Code.

**7284.2.** The Legislature finds and declares the following:

(a) Immigrants are valuable and essential members of the California community. Almost one in three Californians is foreign born and one in two children in California has at least one immigrant parent.

(b) A relationship of trust between California's immigrant community and state and local agencies is central to the public safety of the people of California.

(c) This trust is threatened when state and local agencies are entangled with federal immigration enforcement, with the result that immigrant community members fear approaching police when they are victims of, and witnesses to, crimes, seeking basic health services, or attending school, to the detriment of public safety and the well-being of all Californians.

(d) Entangling state and local agencies with federal immigration enforcement programs diverts already limited resources and blurs the lines of accountability between local, state, and federal governments.

(e) State and local participation in federal immigration enforcement programs also raises constitutional concerns, including the prospect that California residents could be detained in violation of the Fourth Amendment to the United States Constitution, targeted on the basis of race or ethnicity in violation of the Equal Protection Clause, or denied access to education based on immigration status. See Sanchez Ochoa v. Campbell, et al. (E.D. Wash. 2017) 2017 WL 3476777; Trujillo Santoya v. United States, et al. (W.D. Tex. 2017) 2017 WL 2896021; Moreno v. Napolitano (N.D. Ill. 2016) 213 F. Supp. 3d 999; Morales v. Chadbourne (1st Cir. 2015) 793 F.3d 208; Miranda-Olivares v. Clackamas County (D. Or. 2014) 2014 WL 1414305; Galarza v. Szalczyk (3d Cir. 2014) 745 F.3d 634.

(f) This chapter seeks to ensure effective policing, to protect the safety, well-being, and constitutional rights of the people of California, and to direct the state's limited resources to matters of greatest concern to state and local governments.

(g) It is the intent of the Legislature that this chapter shall not be construed as providing, expanding, or ratifying any legal authority for any state or local law enforcement agency to participate in immigration enforcement.

**7284.4.** For purposes of this chapter, the following terms have the following meanings:

(a) "California law enforcement agency" means a state or local law enforcement agency, including school police or security departments. "California law enforcement agency" does not include the Department of Corrections and Rehabilitation.

(b) "Civil immigration warrant" means any warrant for a violation of federal civil immigration law, and includes civil immigration warrants entered in the National Crime Information Center database.

(c) "Immigration authority" means any federal, state, or local officer, employee, or person performing immigration enforcement functions.

(d) "Health facility" includes health facilities as defined in Section 1250 of the Health and Safety Code, clinics as defined in Sections 1200 and 1200.1 of the Health and Safety Code, and substance abuse treatment facilities.

(e) "Hold request," "notification request," "transfer request," and "local law enforcement agency" have the same meaning as provided in Section 7283. Hold, notification, and transfer requests include requests issued by United States Immigration and Customs Enforcement or United States Customs and Border Protection as well as any other immigration authorities.

(f) "Immigration enforcement" includes any and all efforts to investigate, enforce, or assist in the investigation or enforcement of any federal civil immigration law, and also includes any and all efforts to investigate, enforce, or assist in the investigation or enforcement of any federal criminal immigration law that penalizes a person's presence in, entry, or reentry to, or employment in, the United States.

(g) "Joint law enforcement task force" means at least one California law enforcement agency collaborating, engaging, or partnering with at least one federal law enforcement agency in investigating federal or state crimes.

(h) "Judicial probable cause determination" means a determination made by a federal judge or federal magistrate judge that probable cause exists that an individual has violated federal criminal immigration law and that authorizes a law enforcement officer to arrest and take into custody the individual.

(i) "Judicial warrant" means a warrant based on probable cause for a violation of federal criminal immigration law and issued by a federal judge or a federal magistrate judge that authorizes a law enforcement officer to arrest

through the California Law Enforcement Telecommunications System (CLETS), where otherwise permitted by state law.

(3) Conducting enforcement or investigative duties associated with a joint law enforcement task force, including the sharing of confidential information with other law enforcement agencies for purposes of task force investigations, so long as the following conditions are met:

(A) The primary purpose of the joint law enforcement task force is not immigration enforcement, as defined in subdivision (f) of Section 7284.4.

(B) The enforcement or investigative duties are primarily related to a violation of state or federal law unrelated to immigration enforcement.

(C) Participation in the task force by a California law enforcement agency does not violate any local law or policy to which it is otherwise subject.

(4) Making inquiries into information necessary to certify an individual who has been identified as a potential crime or trafficking victim for a T or U Visa pursuant to Section 1101(a)(15)(T) or 1101(a)(15)(U) of Title 8 of the United States Code or to comply with Section 922(d)(5) of Title 18 of the United States Code.

(5) Giving immigration authorities access to interview an individual in agency or department custody. All interview access shall comply with requirements of the TRUTH Act (Chapter 17.2 (commencing with Section 7283)).

(c) (1) If a California law enforcement agency chooses to participate in a joint law enforcement task force, for which a California law enforcement agency has agreed to dedicate personnel or resources on an ongoing basis, it shall submit a report annually to the Department of Justice, as specified by the Attorney General. The law enforcement agency shall report the following information, if known, for each task force of which it is a member:

(A) The purpose of the task force.

(B) The federal, state, and local law enforcement agencies involved.

(C) The total number of arrests made during the reporting period.

(D) The number of people arrested for immigration enforcement purposes.

(2) All law enforcement agencies shall report annually to the Department of Justice, in a manner specified by the Attorney General, the number of transfers pursuant to paragraph (4) of subdivision (a), and the offense that allowed for the transfer, pursuant to paragraph (4) of subdivision (a).

(3) All records described in this subdivision shall be public records for purposes of the California Public Records Act (Chapter 3.5 (commencing with Section 6250)), including the exemptions provided by that act and, as permitted under that act, personal identifying information may be redacted prior to public disclosure. To the extent that disclosure of a particular item of information would endanger the safety of a person involved in an investigation, or would endanger the successful completion of the investigation or a related investigation, that information shall not be disclosed.

(4) If more than one California law enforcement agency is participating in a joint task force that meets the reporting requirement pursuant to this section, the joint task force shall designate a local or state agency responsible for completing the reporting requirement.

(d) The Attorney General, by March 1, 2019, and annually thereafter, shall report on the total number of arrests made by joint law enforcement task forces, and the total number of arrests made for the purpose of immigration enforcement by all task force participants, including federal law enforcement agencies. To the extent that disclosure of a particular item of information would endanger the safety of a person involved in an investigation, or would endanger the successful completion of the investigation or a related investigation, that information shall not be included in the Attorney General's report. The Attorney General shall post the reports required by this subdivision on the Attorney General's Internet Web site.

(e) This section does not prohibit or restrict any government entity or official from sending to, or receiving from, federal immigration authorities, information regarding the citizenship or immigration status, lawful or unlawful, of an individual, or from requesting from federal immigration authorities immigration status information, lawful or unlawful, of any individual, or maintaining or exchanging that information with any other federal, state, or local government entity, pursuant to Sections 1373 and 1644 of Title 8 of the United States Code.

*Document Is Undergro* CCWF

STATE OF CALIFORNIA
CCTRP SCREENING
CDCR 2235 (Rev. 08/19)

~~FHE~~ *policy, which has not been*
*consistent with the law.*   SB-54-7284.10

DEPARTMENT OF CORRECTIONS AND REHABILITATION

## CCTRP SCREENING

CDCR Number: _____   Name: De oliveira   Release Date: _____

This form shall be completed upon receipt of a CDCR 2234, CCTRP APPLICATION AND VOLUNTARY AGREEMENT form from an inmate.
If applicable, check the appropriate EXCLUSIONARY box(es) below:

### I.    EXCLUSIONARY CRITERIA:

☐ PC Section 290 et seq. registration requirement or current or prior conviction for a sexually violent offense as defined in subdivision (b) of Welfare and Institutions Code Section 6600.

☐ California Static Risk Assessment (CSRA) score of 5 (high violence).

☐ Upon placement into program, cannot have more than 32 months or less than 45 days to serve on EPRD.

☐ Escape history within last 10 years or mandatory minimum for escape.

☑ Active or potential misdemeanor or felony holds, warrants, or detainers.  Active or potential ICE holds, warrants, or detainers.

☐ Active Restraining Order.

☐ In-Custody misconduct (Division A-C offenses) in last 24 calendar months, except physical possession of alcohol.

☐ SHU/PSU within the last 12 calendar months.

☐ Close or MAX Custody.

☐ Active or inactive validated STG-I member or associate pursuant to CCR Section 3378 et seq.

### II.    CASE-BY-CASE REVIEW:

☐ Validated as an STG-II member or associate.

☐ Current or prior child abuse conviction(s) or convictions where the offense was related to abuse or neglect of a child.

☐ Current or prior conviction(s) for stalking.

☐ Any prior ACP participation that resulted in a return to an institution.

☐ Current or prior arson conviction.

☐ Current/Prior conviction of any of the crimes listed as a violent felony in Penal Code (PC) section 667.5(c) or serious felony in PC sections 1192.7(c) or 1192.8, including stayed counts and enhancements.

### III.    DETERMINATION:

- **Forward to WCSU** - If there are no boxes marked in Section I or II, check the **"Forward to WCSU"** box below for further review to determine potentially eligibility.  Final eligibility will be determined by the Institutional Classification Committee considering CCTRP placement.
- **Ineligible** - If any boxes are marked in Section I, check the **"Ineligible"** box below. The reason for ineligibility shall be noted in the Comment Section.
- **Case-by-Case Review** – If there are no boxes marked in Section I and one or more boxes are marked in Section II, check the **"Forward to WCSU"** and **"Case-by-Case Review"** boxes below. CBC reviews are conducted ONLY when no other exclusions exist.  The above noted CBC reviews shall be evaluated by the Institutional Classification Committee considering CCTRP placement.

☑ Ineligible        ☑ Case-by-Case Review        ☑ Forward to WCSU

Comments Section: _____

Institution/CCII Name/Date: CCWF        K. SEILER, CCII        Signature: _____

WCSU/Name/Date: _____        Signature: _____        ☐ Potentially eligible  ☐ Ineligible

Distribution: Original to c-file

STATE OF CALIFORNIA
**GRIEVANCE**
CDCR 602-1 (03/20)

RECEIVED
12 - 1 2022
CONF GRIEV

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 1 of 2

335939

| **STAFF USE ONLY** | Grievance #: | 335177 | Date Received: RECEIVED |
| | Date Due: | | DEC 0 1 2022 |
| | Categories: | | BY FSP APPEALS OFFICE |

*This is the process to ask for help with a complaint.*

Claimant Name: Fernando Miguel De Oliveira CDCR #: WG9570 Current Housing/Parole Unit: B2-#151

Institution/Facility/Parole Region: Folsom Womens Facility - Folsom, CA.

In order for the Department to understand your complaint, make sure you have answered the following questions:

- *What is the nature of your complaint?*
- *When and where did the complaint occur?*
- *Who was involved?*
- *Which specific people can support your complaint?*
- *Did you try to informally resolve the complaint?*
- *What rule or policy are you relying on to make your complaint?*
- *Are there documents that would be helpful to support your position? List the documents if you do not have them. Please note that documents submitted with this form will not be returned.*
- *What specific action would resolve your complaint?*

pc. 3084.1 Right to appeal.

Folsom Womens Facility in Folsom California. "Ice" hold on my name. I am a permanent resident of the United States of America. I've been a permanent resident citizen since 1984. I was born in Brazil in the capital Brazilia.

There was no hold at all in County since Oct. 18, 2021, sentenced July 14, 2022 arrived in Chowchilla State Prison Sept. 28, 2022. The question was asked where I was born and I responded the truth.

I am not wanted anywhere nor am I federally wanted. I am not illegally living in the USA.

And when sentenced not one thing at all had a hold of me. Chowchilla's Administration has wrongfully put me as a immigrant as well as my gender-needs, being transgender.

I'm Appealing this hold, since the hold should not be placed on my name withholding me from CCTRP..

Thank you.

pc. 3084.8 - response shall be completed within 30 days.

DISTRIBUTION    Original: Offender's File    Copies: DAI, DAPO, and Offender

STATE OF CALIFORNIA

**CITIZEN'S COMPLAINT AGAINST EMPLOYEES OF CDCR**

CDCR 2142 (Rev. 10/22)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 1 of 2

I wish to register a complaint against the following named employee(s) of the California Department of Corrections and Rehabilitation (CDCR):

| Employee(s) Name | Description (Job title, ID number, vehicle and license number, home address, etc. if known) | Employee's Work Location (if known) |
|---|---|---|
| P. Hernandez | Case Records Manager - 23370 Road 22 P.O. Box 1501 - Chowchilla | Central Women's facility |
| Seiler | CCII - Program officer | CCWF Women's facility |
| | 23370 Road 22 P.O. Box 1501 - Chowchilla, CA - 93610-1501 | |

| Date(s) of Incident | Time of Incident | Location of Incident |
|---|---|---|
| 12/19/2022 - | | 23370 Road 22, P.O. Box 1501 Chowchilla CA - 93610 |

**Details of Complaint** (Include nature of complaint, names and address of witnesses and other involved parties, names of any law enforcement or social services agencies, doctors, or attorneys contacted, a chronology of the events, etc. It is important to include as many factual details as possible so that your complaint may be thoroughly investigated. Attach additional sheets if necessary.)

Complaint Is the Case Records has been using Penal Code 2933 on my legal summary since I have arrived Sept. 28, 2022. This penal code has been repealed and still they continue to unlawfully use it making it not give me my 33% credit on my release date.

Case Records and CCII have been unlawfully withholding from me granted -

In order for the Department to contact you regarding your complaint, please provide the following:

Name: Fernando Miguel de Oliveira / WG9579   Home Phone: (  ) ____

Address: P.O. Box 1508, Chowchilla CA - 93610   Work Phone: (  )

If your complaint is against a Department peace officer, you must read and sign the following statement:

YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A PEACE OFFICER FOR ANY IMPROPER PEACE OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS' COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. CITIZENS' COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS. IT IS AGAINST THE LAW TO MAKE A COMPLAINT THAT YOU KNOW TO BE FALSE. IF YOU MAKE A COMPLAINT AGAINST AN OFFICER KNOWING THAT IT IS FALSE, YOU CAN BE PROSECUTED ON A MISDEMEANOR CHARGE.

I have read and understand the above statement: _Fernando de Oliveira_   06/14/2023

Signature                                                          Date

Your complaint may be submitted to any supervisor or manager of the Department, or may be addressed to the Department's Office of Internal Affairs (OIA) at any of the Regional Offices indicated on the reverse side of this form.

*For Departmental Use Only:*

_____          _____          _____
*Official Receiving Complaint*                *Office/Institution*              *Date Received*

**DISTRIBUTION Original:** Assigned Hiring Authority                    *see reverse side for instructions*



CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation



*Granted*

# OFFICE OF APPEALS DECISION

**Offender Name:** DEOLIVEIRA, FERNANDO
**CDC#:** WG9570
**Current Location:** CCWF-Facility D

**Date:** 04/28/2023

**Current Area/Bed:** D 514 1 - 022003L

**Log #:** 000000341279

---

## Claim #  001

**Received at Institution/Parole Region:**  Central California Women's Facility
**Submitted to Facility/Parole District:**  CCWF-Central Service
**Housing Area/Parole Unit:**
**Category:** Offender Case Records            **Sub-Category:** Other Case Records Issue - NOS

### I. ISSUE ON APPEAL

You are disputing the redirection of your claim.

### II. RULES AND REFERENCES

#### A. CONTROLLING AUTHORITY

Title 15, section 3483 and 3485.

#### B. DOCUMENTS CONSIDERED

CDCR 602-1 and CDCR 602-2;
Strategic Offender Management System, Offender Grievance/Appeal Tracking.

### III. REASONING AND DECISION

In your grievance, you assert California Correctional Women's Facility incorrectly input your information in receiving, which has delayed your transfer to MTC or CCTRP; you are requesting your information be updated to correctly reflect your personal information. Although the claim contained a request, the Office of Appeals notes the claim is alleging California Correctional Women's Facility incorrectly input your information in receiving, which has delayed your transfer to MTC or CCTRP, as such, the redirection of this claim was inappropriate, and this claim is granted.

### IV. REMEDY

The Office of Grievances' at California Correctional Women's Facility, shall open a new grievance log number, gather and preserve all relevant information, and provide a response to the claim that California Correctional Women's Facility incorrectly input your information in receiving, which has delayed your transfer to MTC or CCTRP, on the merits.

**Decision: Granted**

After a thorough review of all documents and evidence available at the time of this written decision, it is the order of the Office of Appeals that this claim is granted. This decision exhausts the administrative remedies available to the claimant within CDCR.

STATE OF CALIFORNIA
**GRIEVANCE**
CDCR 602-1 (03/20)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 1 of 2

| **STAFF USE ONLY** | Grievance #: 340910 | Date Received: RECEIVED |
| | Date Due: | |
| | Categories: | DEC 15 2022 |

BY FSP APPEALS OFFICE

*This is the process to ask for help with a complaint.*

Claimant Name: _Fernando Miguel de Oliveira_   CDCR #: _W49570_   Current Housing/Parole Unit: _A-3 #260_

Institution/Facility/Parole Region: _CCWF / Chowchilla, California_

In order for the Department to understand your complaint, make sure you have answered the following questions:

- What is the nature of your complaint?
- When and where did the complaint occur?
- Who was involved?
- Which specific people can support your complaint?
- Did you try to informally resolve the complaint?
- What rule or policy are you relying on to make your complaint?
- Are there documents that would be helpful to support your position? List the documents if you do not have them. Please note that documents submitted with this form will not be returned.
- What specific action would resolve your complaint?

• Wrongfully input of my personal information in Recieving at Chowchilla Womens Correctional Facility at Chowchilla, California.

• Anita Riveira on 10/04/2022 did not input any correct information on my citizenship or driver License number and Social Security. Having me being delayed in going to MTC or CCTRP.

• Verify all my records with sentencing court in San Diego California Central court house.

• Verify my court documents signed agreement with Public Defender: Caley Anderson at San Diego Central Court, California.

• I've spoken to the councilor here at Folsom, Abilia. Nothing was done due to closing of facility.

• J. Frederick Correctional Sergeant, told me that the mistake can be corrected by addressing Councilor Abilia & Councilor Abilia would get that cleared up with Anita Riveira.

• My Information is California Driver License # D7633183 / Birthday: July 25, 1976

• SS# 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 • Name change 2018 and Sex on Social Security and Driver License from Fernanda de Oliveira to Fernando Miguel de Oliveira.

• J. Fredrick corrected my sex gender identity being transgender Female to Male, and showed me the mistake entered by Anita Riveira.

Violating PC. 3075.1 Intake Processing. (1) Wrongfully didn't do property legal Status Summary from Court (2) Chronological History (3) Probation Report

DISTRIBUTION    Original: Offender's File    Copies: DAI, DAPO, and Offender

*Atten: SECOND LEVEL APPEAL*

STATE OF CALIFORNIA
**GRIEVANCE**
CDCR 602-1 (03/20)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

RECEIVED
GRIEVANCE
01 -2 2019

Page 1 of 2

| **STAFF USE ONLY** | Grievance #: 3UD015 | Date Received: |
| | Date Due: | |
| | Categories: | |

*This is the process to ask for help with a complaint.*

Claimant Name: Fernando Miguel de Oliveira CDCR #: WG9570 Current Housing/Parole Unit: 514-#7

Institution/Facility/Parole Region: CCWF/Chowchilla California

In order for the Department to understand your complaint, make sure you have answered the following questions:

- *What is the nature of your complaint?*
- *When and where did the complaint occur?*
- *Who was involved?*
- *Which specific people can support your complaint?*
- *Did you try to informally resolve the complaint?*
- *What rule or policy are you relying on to make your complaint?*
- *Are there documents that would be helpful to support your position? List the documents if you do not have them. Please note that documents submitted with this form will not be returned.*
- *What specific action would resolve your complaint?*

• On 1/19/2023 CCWF K. SEILER CC-2 determined that I am inelgible to go to CCTRP San Diego. Recieved a CDCR 2235 with Exclusionary Criteria on a potential ICE hold, which wasn't documented from San Diego County Superior Court, sentenced July 11, 2022. "National Immigration Act 1990": The Justice Department has 30 days after within the sentencing date to inform "Immigration". In my case I'm a lawful resident of this Country of since 1984 and of State of California San Diego as well. Born in Brazil and been cleared in all areas since and before sentencing.

• CDCR-CCWF Recieved me on September 28, 2022 and one week later on Oct. 04, 2022 staff checked a box for me to be interviewed by "ICE" Knowing that I'm a legal lawful resident.   CDCR CC2-SEILER IS FAILING TO correct- (violating Rights)

• Upon Reviewing my lawful rights I'm fully eligible for CCTRP. Please confirm in the following

• "The California Prison And Parole Handbook"- Located on Tablet or law library.

✱ Chapter 13. Immigration Issues For People in Prison. 13.7 The impact of an active or potential ICE Detainer on CDCR placement and programming.

✱ Paragraph 2. 18 - New State law provides that CDCR "SHALL NOT" "restrict access to any in person education or rehabilitative programming or credit earning opportunity.

✱ As of June 2018 CDCR rules haven't been updated to reflect this law that "SHALL" be given to me.

✱ CDCR affirmed the policy and can only exclude some people from being placed at camps. The policy only applies to immigrants that have already a "Detainer"—

DISTRIBUTION    Original: Offender's File    Copies: DAI, DAPO, and Offender

STATE OF CALIFORNIA
**GRIEVANCE**
CDCR 602-1 (03/20)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 1 of 2

| **STAFF USE ONLY** | Grievance #: 393900 | Date Received: |
| | Date Due: | |
| | Categories: | |

_This is the process to ask for help with a complaint._

Claimant Name: _Fernando M. del Invern_ CDCR #: _W99570_ Current Housing/Parole Unit: _514-22_

Institution/Facility/Parole Region: _CCWF / Chowchilla California Womens Facility._

In order for the Department to understand your complaint, make sure you have answered the following questions:

- _What is the nature of your complaint?_
- _When and where did the complaint occur?_
- _Who was involved?_
- _Which specific people can support your complaint?_
- _Did you try to informally resolve the complaint?_
- _What rule or policy are you relying on to make your complaint?_
- _Are there documents that would be helpful to support your position? List the documents if you do not have them. Please note that documents submitted with this form will not be returned._
- _What specific action would resolve your complaint?_

**RECEIVED**

MAY - 1 2023

CCWF
GREIEVANCE OFFICE

Nature of my complaint has 2 important issues to be resolved A.S.A.P.
The first complaint is case records has not applied my 33% given to me
by committee. My EPRD hasn't changed at all and can't change
since case records has not applied my 33%.
And by merits it's unlawful to be withholding 33% knowing that I have
"no active" detainers or warrants.

My second complaint is that CDCR-CCWF case records never applied
408 days in which were honored in sentencing date. The credits that
are honored running concurrent with 3yrs 8months which on the bottom
of the minute report will show that 408 days needed to be applied to
305 honored days making that a total of 713 presentenced honored
credits.
I asked case records to resolve this complaint months ago, which was
never resolved. I also asked CCWF committee to give me a haygood
hearing, which also wasn't provided to me.
Now I've had to petition the courts to get my transcript so that there is
solid facts and proof of the awarded pre-sentence credits that was
not fully provided to me by CCWF case records.

DISTRIBUTION    **Original:** Offender's File    **Copies:** DAI, DAPO, and Offender

STATE OF CALIFORNIA
**GRIEVANCE**
CDCR 602-1 (03/20)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 2 of 2

Sentencing order isn't properly being interpeted by CDCR-CCWF. The CCWFS case records interpertation is placing over 1 year more than the correction of the errors. I'm being unlawfuly imposed to serve more time than what was to the agreed upon plea bargain. I ask that CCWF really takes into serious consideration to look throughly into this situation. I had to file the petition to show the truth about these facts written.

Thank you —

• Credit provisions that had been honored on sentencing date are being retroactively cancelled by CCWF casure records.

**Reminder:** Please attach all documents in your possession that support your claim(s).
Please note that this form and supporting documents will not be returned to you.

Claimant Signature: _Teresa M. McQuin_   Date Signed: _04/30/2023_

DISTRIBUTION   Original: Offender's File   Copies: DAI, DAPO, and Offender

MC-030

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):

Fernando Miguel DeOliveira / WG9570
P.O. Box 1508
Chowchilla, CA - 93610

TELEPHONE NO.:                    FAX NO. (Optional):

E-MAIL ADDRESS (Optional):

ATTORNEY FOR (Name):

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS: 1100 Union Street, 2nd Floor
MAILING ADDRESS:
CITY AND ZIP CODE: 92101, San Diego - CA
BRANCH NAME: Central County of San Diego Courthouse

PLAINTIFF/PETITIONER: Fernando Miguel deOliveira

DEFENDANT/RESPONDENT: County of SanDiego, Caley Anderson

| DECLARATION | CASE NUMBER:<br>SCD292157 |
|---|---|

I have sent out a Writ of Habeas Corpus to the SanDiego County Centeral Courthouse located on 1100 Union Street, San Diego -CA 92101 - 2nd Floor. Petitioner Fernando Miguel deOliveira : Caley Anderson & County of San Diego.

The petition asks to fix the errors on my good time credits, and the abstract of Judgment which is not matching the oral verbage plea agreement of my sentence date July 11,2022.

Plea agreement was honored with 713 days good time credits that is towards the Controlling case No. SCD292157. CDCR Case records department at Central California omens Facility will not award me since the court on the Felony minutes placed seperately, nd the agreement was stated 713 total good time credits towards the controlling ated Case of 3 years 8 months.

I mandate that the courts correct this error so that it matches the oral verbage agreement recorded on July 11,2022, honored by Honorable judge Daniel F.- ink. These corrections need to be madeinmidaitley to honor the agreement at was a part of my plea bargain.

These errors that have not been corrected has made me have a longer rm in state prison than what was agreed upon. Please honor the correct lea agreement.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: July 02, 2023

Fernando Miguel deOliveira
(TYPE OR PRINT NAME)

(SIGNATURE OF DECLARANT)

☐ Attorney for  ☒ Plaintiff  ☐ Petitioner  ☐ Defendant
☐ Respondent  ☐ Other (Specify):

Form Approved for Optional Use
Judicial Council of California
MC-030 [Rev. January 1, 2006]

DECLARATION

Page 1 of 1

To:   Clerk of the Court,
      County of: _San Diego Central Courthouse_

From: Inmate: _Fernando Miguel de Oliveira_

CDCR#: _WG9570_

Inmate Housing: _514-22-3L_

Central California Women's Facility
23370 Road 22, P.O. Box 1506
Chowchilla, CA 93610-1501

Case Number(s)

\# _SCE292157_

\# _SCE408070_

\# _SCE397593_

\# _SCE407383_

Re:   Request for Court Records / Request for Court Information

I am requesting that your office forward me the following court records related to the above referenced case (s):

☒     Abstract of Judgment (CR-290, CR-290A, CR-290.1)

☒     Sentencing Minute Order dated: _October 18, 2021 thru July 11, 2022_

☒     Minute Order dated: _October 18, 2021 thru July 11, 2022_

☒     Plea Agreement dated: _October 18, 2021 thru July 11, 2022_

☒     Restitution Order dated: _October 18, 2021 thru July 11, 2022_

☐     Divorce Packet and Fee Waiver

☐     Docket Roster (case no.:_____

☒     Other: _Unpurged Client file_

☒     Other: _Oral Verbage Transcript July 11, 2022_

Please forward the requested court documentation to the institutional address that is listed above. Your assistance in this matter is greatly appreciated.

Dated: _07/02/2023_   Signed: _Fernando M de Oliveira_

*This form is only provided for your convenience. This is not an official court document.



CALIFORNIA DEPARTMENT *of*
Corrections and Rehabilitation

# OFFICE OF APPEALS DECISION

**Offender Name:** DEOLIVEIRA, FERNANDO
**CDC#:** WG9570
**Current Location:** CCWF-Facility D

**Date:** 09/04/2023

**Current Area/Bed:** D 514 1 – 022003L

**Log #:** 000000393685

## Claim #  001

**Received at Institution/Parole Region:** Central California Women's Facility
**Submitted to Facility/Parole District:** Central California Women's Facility
**Housing Area/Parole Unit:**
**Category:** Offender Case Records                    **Sub-Category:** Other Case Records Issue – NOS

### I. ISSUE ON APPEAL

You assert your date calculation is not accurate, as you were not convicted pursuant to Penal Code, section 667.5(c).

### II. RULES AND REFERENCES

#### A. CONTROLLING AUTHORITY

Proposition 57
Title 15, section 3371.1, 3043.2(c)(B)
Penal code, section 667.5(c)(17)

#### B. DOCUMENTS CONSIDERED

Strategic Offender Management System- Commitment/Component
Electronic Records Management System- Case Summary, Calculation Worksheet dated June 23, 2023
Form 602, OGT log #393685

### III. REASONING AND DECISION

You are serving a violent 3-year, 8-month term for case #SCE397593, #SCE408070, #SCE407383 and #SCD292157. Pursuant to Department Operations Manual, section 73010.6.2, your term began the day you arrived to prison, which was September 28, 2022. The sentencing court has jurisdiction over your pre-sentence credit awarded during sentencing. Pre-sentence credit is credit from date of arrest to date of sentence. The sentencing court awarded you 305 pre-sentence credits. The Department applied post sentence credit of 78 days to your calculation, which is the time from sentence to the date delivered to prison, and 39 days of good time or vested credit. Your Good Conduct Credit (GCC) rate is 33.3 percent, which is the largest GCC rate you are eligible for as a violent offender.

Your release date has the potential to move closer after earning and receiving positive programming credits, such as, Milestone Completion Credit, Rehabilitative Achievement Credit, and Educational Merit Credits. It also has the potential to move further out with disciplinary action. Your Earliest Possible Release Date (EPRD) is calculated correctly with all applicable credit applied to date. Your EPRD is May 24, 2024, and is accurately calculated with all appropriate credit applied. You are serving a violent term pursuant to Penal Code, section 667.5(c)(17). For these purposes, this claim is denied.

STATE OF CALIFORNIA
**APPEAL OF GRIEVANCE**
CDCR 602-2 (Rev. 01/22)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 1 of 2

| **STAFF USE ONLY** | OGT Log No: _000000393685_ | Date Received: _____ |
| | Decision Due Date: _____ | |
| | Categories: _____ | |

**Claimant Name:** DEOLIVEIRA, FERNANDO          **CDCR #:** WG9570

**Institution/Parole Region:** CCWF          **Current Housing/Parole Unit:** 514-22-3L

REC BY OOA

JUL 05 2023

**STAFF USE ONLY**

OOA Review
Imminent Risk: Y / N
OOG Notification: Y / N
Initials: ___ Date: 7/5/23

_Use this form to appeal a decision or a remedy by the Office of Grievances._

Do not include new complaints on this form, they must first be filed with the Office of Grievances on a Form 602-1.

**OGT Log No:** _000000393685_          **Claim No:** OOI

Explain the reason for your appeal. Be as specific as you can.

_I am dissatisfied with the response I was given because_ Reasoning and decision I am appealling convicted under far cants PC 215 Lower term which is the controling date. VC10851(a) runs concurrent with SCD292157 case. PC530.5(c)(3) PC664 and PC459 running concurrent with SCD292157 case. You can verify on felony minutes and see that PC667.5 was not applied. Yes its a violent felony, but the penal code 667.5 was not added. Committee gave me 33% which has not been applied to my time. —

> **This form shall be submitted by mail to:**
> Office of Appeals
> Department of Corrections and Rehabilitation
> P.O. Box 942883
> Sacramento, CA 95811

**IMPORTANT:**
The Office of Appeals will consider all of the supporting documentation you previously submitted to the Office of Grievances when reviewing your appeal, but will not consider any new documentation. Therefore, it is recommended you not attach any documentation to this form. **Furthermore, any documentation you attach to this form will not be returned to you.**

**Claimant Signature:** _Fernando M. deOliveira_          **Date Signed:** 06/25/2023

ADA Accessible



CALIFORNIA DEPARTMENT *of*
**Corrections and Rehabilitation**

## OFFICE OF APPEALS DECISION

**Offender Name:** DEOLIVEIRA, FERNANDO
**CDC#:** WG9570
**Current Location:** CCWF-Facility D

**Date:** 09/04/2023

**Current Area/Bed:** D  514 1 - 022003L

**Log #:** 000000393902

### Claim #  001

**Received at Institution/Parole Region:**  Central California Women's Facility
**Submitted to Facility/Parole District:**  CCWF-Facility D
**Housing Area/Parole Unit:**
**Category:**  Offender Case Records          **Sub-Category:** Other Case Records Issue - NOS

#### I. ISSUE ON APPEAL

Your claim is regarding issues already answered in previous Appeal responses.  You are inquiring about your Good Conduct Credit rate and your pre-sentence credit for your concurrent commitments not being applied.

#### II. RULES AND REFERENCES

##### A. CONTROLLING AUTHORITY

Title 15, section 3485(g)(6)(C)

##### B. DOCUMENTS CONSIDERED

Form 602, OGT log #393902, #361022 and #335897

#### III. REASONING AND DECISION

Your CDCR Form 602, Log #393902, #361022 and #335897, are substantially duplicative.  Your Good Conduct Credit was explained in log #361022, and your pre-sentence credits for your concurrent terms was explained in log #335897 by the Office of Appeals  .For this reason, your claim is denied.

#### IV. REMEDY

Your claim has been denied. Therefore, there is no applicable remedy.

**Decision: Denied**

After a thorough review of all documents and evidence available at the time of this written decision, it is the order of the Office of Appeals that this claim is denied. This decision exhausts the administrative remedies available to the claimant within CDCR.

| Staff Signature | Title | Date/Time |
|---|---|---|
| H. Moseley [MOHO002] | Reviewing Authority | 09/03/2023 |

REC BY OOA

JUL 05 2023

STATE OF CALIFORNIA

**APPEAL OF GRIEVANCE**

CDCR 602-2 (Rev. 01/22)

**CONTINUATION PAGE**

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 2 of 2

OGT Log No: _000000393902_    Claim No: _001_

Explain the reason for your appeal. Be as specific as you can.

I am dissatisfied with the response I was given because _Case records have not given my 33%_ because they have placed me under that repealed penal code of 2933. Which doesn't give me, my rights of 33%, classified at committee.

Committee also removed my "V10"- Verify on Chrono that committee did on Dec. 19, 2022.

Officials and their capacity at CCWF has not been providing my rights and as color of the state has been violating my constitutional rights.

Officials have also violated equal protection clause, discriminating of my national birth place, discriminating on rights of being a legal resident.

Punishing me and giving me unequal treatment. Overpowering granted appeals to program in re-entry programs to help rehabilitate. Deprivement of my educational and other program credits earning privilege due to where I was born.

It is not under CDCR officials jurisdiction to judge INS decisions. Under the court of law San Diego County Superior Court had 30 days within my sentencing to provide my information to INS which has the authority then to verify my status. I was sentenced July 11, 2022, verified legal status cleared by INS and placed under states supervision guardianship on September 28, 2022.

Officials have caused me many hardships and barriers that are unecessary. Placing a burden on my life, in persuit of happiness.

All these matters will have to be place into litigation with the officers liable for violations.

And on this claim on (I.claim) Her is not the correct pronoun. It's He/Him/His. Please correct the verbage.

I would like for immidiate action on the losses in which officials keep violating on. And they have been overpowering granted appeals and are not giving me my 33% due to a repealed code.

Results of granted appeal Log #341279

ADA Accessible





CALIFORNIA DEPARTMENT *of*
Corrections and Rehabilitation

## OFFICE OF GRIEVANCES DECISION

**Offender Name:** DEOLIVEIRA, FERNANDO

**CDC#:** WG9570

**Current Location:** CCWF-Facility D

**Date:** 08/09/2023

**Current Area/Bed:** D 514 1 – 022003L

**Log #:** 000000426063

---

**Claim #:  001**

| | |
|---|---|
| **Received at Institution/Parole Region:** | Central California Women's Facility |
| **Submitted to Facility/Parole District:** | Central California Women's Facility |
| **Housing Area/Parole Unit:** | |

**Category:** Offender Classification          **Sub-Category:**    Other Classification Issue - NOS

The California Department of Corrections and Rehabilitation received your grievance on 07/21/2023 which you submitted on 05/23/2023. This claim has not been assigned for review or response because it is being handled as specified below.

Claim # 001:
Your claim concerning Offender Classification;Other Classification Issue - NOS is rejected for the reason or reasons indicated below:

This claim is substantially duplicative of a prior claim you already submitted, which is either pending an answer or has already been answered.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

**Decision: Rejected**

---

**Claim #: 002**

| | |
|---|---|
| **Received at Institution/Parole Region:** | Central California Women's Facility |
| **Submitted to Facility/Parole District:** | Central California Women's Facility |
| **Housing Area/Parole Unit:** | |

**Category:**   Offender Services          **Sub-Category:**   CCHCS

The California Department of Corrections and Rehabilitation received your grievance on 07/21/2023 which you submitted on 05/23/2023. This matter was redirected to the California Correctional Health Care Services Division in accordance with the California Code of Regulations, title 15.

The Health Care Grievance Coordinator will respond separately in accordance with their governing regulations.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

**Decision: Redirected**

*Highest Level w/ Chief Exeutive Director.*

STATE OF CALIFORNIA
**GRIEVANCE**
CDCR 602-1 (03/20)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 1 of 2

| **STAFF USE ONLY** | Grievance #: 4260X03 | Date Received: |
| | Date Due: | |
| | Categories: | |

*This is the process to ask for help with a complaint.*

Claimant Name: _Fernando Miguel deOliveira_ CDCR #: _WG9570_ Current Housing/Parole Unit: _514-22_

Institution/Facility/Parole Region: _CCWF/ Chowchilla California_

In order for the Department to understand your complaint, make sure you have answered the following questions:

- *What is the nature of your complaint?*
- *When and where did the complaint occur?*
- *Who was involved?*
- *Which specific people can support your complaint?*
- *Did you try to informally resolve the complaint?*
- *What rule or policy are you relying on to make your complaint?*
- *Are there documents that would be helpful to support your position? List the documents if you do not have them. Please note that documents submitted with this form will not be returned.*
- *What specific action would resolve your complaint?*

OOA Review
Imminent Risk: Y / N
OOG Notification: Y / N
Initials: EO    Date: 5/8

RECEIVED
OOA RECEIVED
JUL 2 1 2023

MAY 0 8 2023 CCWF
GRIEVANCE OFFICE

Complaint involves CCII-Sieler on a denial to enroll me to CCTRP on a granted appeal on merits when asked to place me in the program. I've tried to informally resolve my complaint that was granted. CCII Sieler has taken upon her own powers to construe to the amendments to the constitution I, VIII, and XIV, by denying a re-entry program CCTRP in the canty where I reside in, the canty where I was convicted in and in the canty where I'll be paroling to.

As of June 2018, the CDCR rules have not been updated to reflect the new laws. The denial that CCWF breached and is not in their jurisdiction to enforce.

CCWF has breached the Immigration National Act of 1990's. Under the judicial powers of the Superior canty cart of San Diego, within 30 days of my sentencing (July 11, 2022) INS was notified of my lawful status of the United States of America.

The procedures due process was cleared by the judicial cart. I'm being deprived of my rights in which the importance of this rehabilitive facility should be providing me to gain a successful re-entry.

DISTRIBUTION    Original: Offender's File    Copies: DAI, DAPO, and Offender

STATE OF CALIFORNIA
**APPEAL OF GRIEVANCE**
CDCR 602-2 (Rev. 01/22)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 1 of 2

| **STAFF USE ONLY** | **OGT Log No:** 000000426063   **Date Received:** _____ |
| | **Decision Due Date:** _____ |
| | **Categories:** _____ |

**Claimant Name:**  DEOLIVEIRA, FERNANDO        **CDCR #:**  WG9570

**Institution/Parole Region:**  _CCWF - Chowchilla_  **Current Housing/Parole Unit:**  _514-22-3L_

**STAFF USE ONLY**

_Use this form to appeal a decision or a remedy by the Office of Grievances._

Do not include new complaints on this form, they must first be filed with the Office of Grievances on a Form 602-1.

**OGT Log No:**  000000426063              **Claim No:**  _001_

Explain the reason for your appeal. Be as specific as you can.

_I am dissatisfied with the response I was given because_  _appealing the rejection of my grievance, in which was never responded correctly with granted appeal on merits by the official CC.II Sieler nor CC.II Rodeigues. There is no credible explanation for their actions. They both have proven that the laws don't apply to their official position, and have desired to breach and discriminate against me. Their refusals to place me in a rehabilitative program in the_

> **This form shall be submitted by mail to:**
> Office of Appeals
> Department of Corrections and Rehabilitation
> P.O. Box 942883
> Sacramento, CA 95811

**IMPORTANT:**
The Office of Appeals will consider all of the supporting documentation you previously submitted to the
Office of Grievances when reviewing your appeal, but will <u>not</u> consider any new documentation.
Therefore, it is recommended you not attach any documentation to this form.
**Furthermore, any documentation you attach to this form will not be returned to you.**

**Claimant Signature:**  _Fernando M. DeOliveira_          **Date Signed:**  _09/20/2023_

_ADA Accessible_

§ 13.7

RECEIVED

JUL 2 1 2023

CGWF
~~GRIEVANCE~~ OFFICE

Receiving legal advice can help a person make an informed decision about whether to speak to an ICE agent. Unfortunately, except in a few situations, a person who is facing removal proceedings does not have a right to appointment of a lawyer at government expense (see more about the limited right to counsel at § 13.33).

If a person does speak to the ICE agent, they should not assume that the information the agent conveys is complete and accurate. Moreover, any information the person provides may make it more difficult or impossible for them to defend against removal. People do not have the right in immigration proceedings to have their statements to government officials suppressed if they are not warned that their statements may be used against them.[13]

13.7    The Impact of an Active or Potential ICE Detainer on CDCR Placement and Programming

*No hold or Detainer / Ice Interview*

The CDCR cannot add points to a person's classification score (see §§ 4.6-4.9 regarding classification score calculations) based on having or being likely to get an ICE detainer.[14] However, an active or potential ICE detainer will be noted in the person's CDCR classification documents as special case factor "A" (active hold) or "P" (potential hold) and administrative determinant "HOL".[15]

*No Longer*

Previously, the CDCR policy was to bar people with active or potential ICE detainers from participating in some programs, such as the Family Foundations Program,[16] cognitive behavioral treatment and substance abuse programs,[17] or the alternative custody program.[18] However a new state law provides that the CDCR shall not "restrict access to any in-person educational or rehabilitative programming, or credit-earning opportunity on the sole basis of citizenship or immigration status, including, but not limited to, whether the person is in removal proceedings, or immigration authorities have issued a hold request, transfer request, notification request, or civil immigration warrant against the individual."[1] As of June 2018, the CDCR rules have not been updated to reflect this law.

The CDCR has recently re-affirmed a policy that excludes some people from being placed in conservation camps or minimum support facilities (MSFs) based on their immigration status. The policy applies a CDCR rule stating that a person with an ICE detainer who is likely to be deported

---

[13]   *See Samayoa-Martinez v. Holder* (9th Cir. 2009) 558 F.3d 897. For a more comprehensive overview of motions to suppress, see Elliott Ozment and ILRC attorneys, *Motions to Suppress: Protecting the Constitutional Rights of Immigrants in Removal Proceedings* (4th ed. 2017).

[14]   Government Code § 7284.10(b)(2) [prohibiting the CDCR from "consider[ing] citizenship and immigration status as a factor in determining a person's custodial classifications level, including, but not limited to, whether the person is in removal proceedings, or whether immigration authorities have issued a hold request, transfer request, notification request, or civil immigration warrant against the individual"]; CDCR, *Memorandum Re: Implementation of California Senate Bill 54, "The California Values Act"* (Jan. 2, 2018).

[15]   See 15 CCR § 3375.3(f); 15 CCR § 3375.2(b)(13).

[16]   15 CCR § 3074.3(c).

[17]   15 CCR § 3040.1(c)(5).

[18]   15 CCR § 3078.3(a)(6).

[19]   Government Code § 7284.10(b)(1); CDCR, *Memorandum Re: Implementation of California Senate Bill 54, "The California Values Act"* (Jan. 2, 2018).

DOA RECEIVE

MAY 0 2023

STATE OF CALIFORNIA
**GRIEVANCE**
CDCR 602-1 (03/20)

OOA Review
Imminent Risk: Y /
OOG Notification: Y
Initials: _M_   Date: _5_

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 1 of 2

| **STAFF USE ONLY** | Grievance #: _____ | Date Received: _____ |
| | Date Due: _____ | |
| | Categories: _____ | |

_This is the process to ask for help with a complaint._

Claimant Name: _Fe. nando Al deClveira_ CDCR #: _WG9570_ Current Housing/Parole Unit: _514-22_

Institution/Facility/Parole Region: _CCWF / Chowchilla Womens Facility_

RECEIVED
JUL 2 1 2023
CCWF
GRIEEVANCE OFFICE

OOA RECEIVED
MAY 0 8 2023

In order for the Department to understand your complaint, make sure you have answered the following questions:

- _What is the nature of your complaint?_
- _When and where did the complaint occur?_
- _Who was involved?_
- _Which specific people can support your complaint?_
- _Did you try to informally resolve the complaint?_
- _What rule or policy are you relying on to make your complaint?_
- _Are there documents that would be helpful to support your position? List the documents if you do not have them. Please note that documents submitted with this form will not be returned._
- _What specific action would resolve your complaint?_

Is a complaint that CCWF's Health Care Grievance department for institutional level review doesn't comply with the time limit of Section 3999.228. Institutional level health Care Grievance review. There have been many of my 602HC institutional level that were not responded to accordingly to the review.
The interviews that should be conducted are also not done in the correct timely manner and when the interview is conducted, staff doesn't make aware that they are conducting the following interview. Institutional level health Care grievances breaches title 15 time limits omitting to provide adequate time of the specialty care services for gender affirming hormone treatment, mental health, disability along with other services that need treatment that is adequate to the community.
CDCR-CCWF are liable for failing adequately to train prison medical staff and failing to implement necessary medical policies. Failures have been causing injuries to my health and failing to provide me adequate timely services for medical specialists has been cruel and unusual punishment with deliberate indifferences that having been harming my well being.

DISTRIBUTION   Original: Offender's File   Copies: DAI, DAPO, and Offender

STATE OF CALIFORNIA
**GRIEVANCE**
CDCR 602-1 (03/20)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

RECEIVED

Page 1 of 2

| **STAFF USE ONLY** | Grievance #: | Date Received: |
| | Date Due: | JUL 2 1 2023 |
| | Categories: | CCWF GRIEVANCE OFFICE |

_This is the process to ask for help with a complaint._

Claimant Name: _Fernando M. deOliveira_  CDCR #: _WG9570_  Current Housing/Parole Unit: _514-22_

Institution/Facility/Parole Region: _CCWF / Chowchilla, California._

RECEIVED

In order for the Department to understand your complaint, make sure you have answered the following questions:

JUL 2 1 2023

- _What is the nature of your complaint?_
- _When and where did the complaint occur?_
- _Who was involved?_
- _Which specific people can support your complaint?_
- _Did you try to informally resolve the complaint?_
- _What rule or policy are you relying on to make your complaint?_
- _Are there documents that would be helpful to support your position? List the documents if you do not have them. Please note that documents submitted with this form will not be returned._
- _What specific action would resolve your complaint?_

CCWF
GRIEVANCE OFFICE

OOA REC~~EIVED~~

MAY 0 8 2023

Claim is the nature of Medical staff not advising me of new medications that need to be taken and placing my name on a list to be written up for sunsiling RVR..

On 04/24/2023 I was sent to medical 805 and from medical I was taken to the ER in Fresno. I was admitted to the hospital to do a CT scan of my heart and was discharged 04/25/2023.

Upon arrival at CCWF I had to be cleared by medical. Medical RN at 7:00 p.m. in the evening explained to me that there would be (1) medication added which I would first need to see Dr. Gonzales first. RN made clear to me that there was no other medications added.

On 04/26/2023 I had gone to a RN visit at 701 in D-Yard. After that visit waiting for RN to get me my Lay-in. Miller said that medical RN/LVN put my name on the list because I had medication in the morning.

I then addressed that I wasn't informed nor did any of the LVN's that morning call Ms. Rodrigues to allow me to know about this medication.

LVN's even with the call from 805 at 12:00 p.m. to remove,

DISTRIBUTION   Original: Offender's File   Copies: DAI, DAPO, and Offender

STATE OF CALIFORNIA
**GRIEVANCE**
CDCR 602-1 (03/20)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 1 of 2

| **STAFF USE ONLY** | Grievance #: 434656 | Date Received: | RECEIVED |
|---|---|---|---|
| | Date Due: | | |
| | Categories: | | AUG 1 1 2023 |

*This is the process to ask for help with a complaint.*

CCWF
GRIEVANCE OFFICE

Claimant Name: _Fernando M. de Oliveira_ CDCR #: _WG9570_ Current Housing/Parole Unit: _514-22-3L_

Institution/Facility/Parole Region: _CCWF / CHOWCHILLA CALIFORNIA_

In order for the Department to understand your complaint, make sure you have answered the following questions:

- What is the nature of your complaint?
- When and where did the complaint occur?
- Who was involved?
- Which specific people can support your complaint?
- Did you try to informally resolve the complaint?
- What rule or policy are you relying on to make your complaint?
- Are there documents that would be helpful to support your position? List the documents if you do not have them. Please note that documents submitted with this form will not be returned.
- What specific action would resolve your complaint?

OOA Review
Imminent Risk: Y / NO   **REC BY OOA**
OOG Notification: Y / NO
Initials: ED   Date: 6/26   **JUN 2 6 2023**

My rights are being violated. Rights to go to CCTRP, even when granted an appeal. Rights to go to MTCP (mens program) even when granted the appeal. Rights to go to mens prison transgender hub in Donovan State prison as rights of SB132. Had to take a class called Right prison, Right person class that began in March 2023 and ended in June 2023. A class that the teacher can't teach nor has any training in gender affirming services. A class which CDCR obligated me to take, in a forced class that taught nothing but repeated video every class. And still nothing.

Deprivement, hardships, emotional mental strain. Deprivement of recieving my 33%, deprivement of every right I have as a transgender who began transitioning in the community in 2017, who had support group's LGBTQ-Transgender groups, programs I attended, medical-mental health provided from the state medi-cal. Do you know what county and CCWF officials are doing to my life? All officials responsible for providing my rights having been destroying me. Killing my dreams, my goals, the ability to have equal treatment has been taken from me.

This is discrimination, it is disrespect, it is racial discrimination, it is brutal punishment to my life. Lack of trained officials and the deliberate indifference acted on my behalf.

**DISTRIBUTION**    **Original:** Offender's File    **Copies:** DAI, DAPO, and Offender



CALIFORNIA DEPARTMENT *of*
Corrections and Rehabilitation

RECEIVED

APR - 5 2023

CCWF
GREIEVANCE OFFICE

## OFFICE OF APPEALS DECISION

**Offender Name:** DEOLIVEIRA, FERNANDO          **Date:** 04/01/2023
**CDC#:** WG9570
**Current Location:** CCWF-Facility D          **Current Area/Bed:** D 514 1 - 022004L

**Log #:** 000000335939

### Claim # 001

**Received at Institution/Parole Region:** Central California Women's Facility
**Submitted to Facility/Parole District:** CCWF-Central Service
**Housing Area/Parole Unit:**
**Category:** Offender Classification          **Sub-Category:** Other Classification Issue - NOS

### I. ISSUE ON APPEAL

You are appealing the redirection of your claim as a request.

### II. RULES AND REFERENCES

#### A. CONTROLLING AUTHORITY

Title 15, section 3481

#### B. DOCUMENTS CONSIDERED

CDCR Form 602-1 and 602-2, OGT log #335939

### III. REASONING AND DECISION

This claim was improperly redirected to staff as a request for items, services, or assistance, because this claim concerns a dispute of a potential Immigration and Customs Enforcement hold that is affecting your eligibility for the Custody to Community Transitional Reentry Program. Because this claim concerns a dispute of a potential hold that is affecting your eligibility for a departmental program, this claim is not considered a request and shall be addressed on the merits. Therefore, this claim is granted.

### IV. REMEDY

The Office of Grievances at Central California Women's Facility shall open a new grievance to address the merits of appellant's claim concerning a potential Immigration and Customs Enforcement hold that is affecting their eligibility for the Custody to Community Transitional Reentry Program.

**Decision: Granted**

After a thorough review of all documents and evidence available at the time of this written decision, it is the order of the Office of Appeals that this claim is granted. This decision exhausts the administrative remedies available to the claimant within CDCR.

| Staff Signature | Title | Date/Time |
|---|---|---|
| H. Moseley [MOHO002] | Reviewing Authority | 03/31/2023 |



CALIFORNIA DEPARTMENT of
**Corrections and Rehabilitation**

RECEIVED

MAY - 1 2023

CCWF
GRIEVANCE OFFICE

# OFFICE OF APPEALS DECISION

**Offender Name:** DEOLIVEIRA, FERNANDO
**CDC#:** WG9570
**Current Location:** CCWF-Facility D

**Date:** 04/28/2023

**Current Area/Bed:** D 514 1 - 022003L

**Log #:** 000000341279

---

**Claim # 001**

**Received at Institution/Parole Region:** Central California Women's Facility
**Submitted to Facility/Parole District:** CCWF-Central Service
**Housing Area/Parole Unit:**
**Category:** Offender Case Records                    **Sub-Category:** Other Case Records Issue – NOS

## I. ISSUE ON APPEAL

You are disputing the redirection of your claim.

## II. RULES AND REFERENCES

### A. CONTROLLING AUTHORITY

Title 15, section 3483 and 3485.

### B. DOCUMENTS CONSIDERED

CDCR 602-1 and CDCR 602-2;
Strategic Offender Management System, Offender Grievance/Appeal Tracking.

## III. REASONING AND DECISION

In your grievance, you assert California Correctional Women's Facility incorrectly input your information in receiving, which has delayed your transfer to MTC or CCTRP; you are requesting your information be updated to correctly reflect your personal information. Although the claim contained a request, the Office of Appeals notes the claim is alleging California Correctional Women's Facility incorrectly input your information in receiving, which has delayed your transfer to MTC or CCTRP, as such, the redirection of this claim was inappropriate, and this claim is granted.

## IV. REMEDY

The Office of Grievances' at California Correctional Women's Facility, shall open a new grievance log number, gather and preserve all relevant information, and provide a response to the claim that California Correctional Women's Facility incorrectly input your information in receiving, which has delayed your transfer to MTC or CCTRP, on the merits.

**Decision: Granted**

After a thorough review of all documents and evidence available at the time of this written decision, it is the order of the Office of Appeals that this claim is granted. This decision exhausts the administrative remedies available to the claimant within CDCR.

RECEIVED

MAY - 1 2023

CCWF
GREIEVANCE OFFICE

STATE OF CALIFORNIA
**APPEAL OF GRIEVANCE**
CDCR 602-2 (Rev. 01/22)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 1 of 2

| **STAFF USE ONLY** | **OGT Log No:** 000000341279 | **Date Received:** |
| | **Decision Due Date:** | |
| | **Categories:** | |

| **Claimant Name:** | DEOLIVEIRA, FERNANDO | **CDCR #:** | WG9570 |

**Institution/Parole Region:** _____ **Current Housing/Parole Unit:** _____

**STAFF USE ONLY**

OOA Review
Imminent Risk: Y / N
OOG Notification: Y / N
Initials: ___ Date: 5-___

_Use this form to appeal a decision or a remedy by the Office of Grievances._

Do not include new complaints on this form, they must first be filed with the Office of Grievances on a Form 602-1.

**OGT Log No:** 000000341279          **Claim No:** 001

Explain the reason for your appeal. Be as specific as you can.

_I am dissatisfied with the response I was given because_ An official local government policy, regulation and policy statement has been violated by CCWF Staff employees and Folsom Womens Facility.
On July 11, 2022 I was sentenced in San Diego County Superior Cort in California. The Immigration and Nationality Act (INA) policy statement is within 30 days of the Sentencing date, the Justice Department will inform INA to verify my legal status. That had been cleared. I arrived in CCWF's custody —

> **This form shall be submitted by mail to:**
> Office of Appeals
> Department of Corrections and Rehabilitation
> P.O. Box 942883
> Sacramento, CA 95811

**IMPORTANT:**
The Office of Appeals will consider all of the supporting documentation you previously submitted to the Office of Grievances when reviewing your appeal, but will not consider any new documentation.
Therefore, it is recommended you not attach any documentation to this form.
Furthermore, any documentation you attach to this form will not be returned to you.

**Claimant Signature:** Fernando _____ RECEIVED          **Date Signed:** 02/16/2023

MAR 0 2 2023

ADA Accessible

STATE OF CALIFORNIA
**APPEAL OF GRIEVANCE**
CDCR 602-2 (Rev. 01/22)

**CONTINUATION PAGE**

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 2 of 2

**OGT Log No:** 000000341279          **Claim No:** 001

Explain the reason for your appeal. Be as specific as you can.

I am dissatisfied with the response I was given because _on September 28, 2022 a little over 2 months after sentenced. All court documents came with me. On October 4, 2022 Anita Rivera an employee of CCWF marked a box for ICE to interview me by overlooking my legal documents and only looking at place of birth._

CC-I Abelia from Folsom was to clear that for me since there is nothing as a holder detainer. (Folsom shut down and T. Hendrick, Sgt. at Folsom stated CCWF would clear their mistake.

On my grievance I also put all my families information so that CCWF can verify.

The violation that CCWF employees fail to correct are unlawful and being punitive towards my incarceration.

CCWF Records hasn't given me my 33% and CCWF CCII, SEILAR is unlawfully holding me back making me inilegible for CCTRP San Diego.

Which violates a policy statement "The California Prison Law Handbook"- Chapter 13. 13.7. CDCR Shall not restrict access to any in-person education or rehabilitative programs or credit earning opertunity.

The failure to train local government employees and update CDCR rules that abide by the new laws does cause a punitive punishment towards my incarceration and needs to be corrected pleas. Thank you.

RECEIVED

MAY - 1 2023

CCWF
GREIEVANCE OFFICE

CCA RECEIVED

MAR 02 2023

ADA Accessible

§ 13.7

RECEIVED

MAY - 1 2023

CCWF
GRIEVANCE OFFICE

Receiving legal advice can help a person make an informed decision about whether to speak to an ICE agent. Unfortunately, except in a few situations, a person who is facing removal proceedings does not have a right to appointment of a lawyer at government expense (see more about the limited right to counsel at § 13.33).

If a person does speak to the ICE agent, they should not assume that the information the agent conveys is complete and accurate. Moreover, any information the person provides may make it more difficult or impossible for them to defend against removal. People do not have the right in immigration proceedings to have their statements to government officials suppressed if they are not warned that their statements may be used against them.[13]

## 13.7    The Impact of an Active or Potential ICE Detainer on CDCR Placement and Programming

The CDCR cannot add points to a person's classification score (see §§ 4.6-4.9 regarding classification score calculations) based on having or being likely to get an ICE detainer.[14] However, an active or potential ICE detainer will be noted in the person's CDCR classification documents as special case factor "A" (active hold) or "P" (potential hold) and administrative determinant "HQL".[15]

Previously, the CDCR policy was to bar people with active or potential ICE detainers from participating in some programs, such as the Family Foundations Program,[16] cognitive behavioral treatment and substance abuse programs,[17] or the alternative custody program.[18] However a new state law provides that the CDCR shall not "restrict access to any in-person educational or rehabilitative programming, or credit-earning opportunity on the sole basis of citizenship or immigration status, including, but not limited to, whether the person is in removal proceedings, or immigration authorities have issued a hold request, transfer request, notification request, or civil immigration warrant against the individual."[19] As of June 2018, the CDCR rules have not been updated to reflect this law.

The CDCR has recently re-affirmed a policy that excludes some people from being placed in conservation camps or minimum support facilities (MSFs) based on their immigration status. The policy applies a CDCR rule stating that a person with an ICE detainer who is likely to be deported

---

[13] *See Samayoa-Martinez v. Holder* (9th Cir. 2009) 558 F.3d 897. For a more comprehensive overview of motions to suppress, see Elliott Ozment and ILRC attorneys, *Motions to Suppress: Protecting the Constitutional Rights of Immigrants in Removal Proceedings* (4th ed. 2017).

[14] Government Code § 7284.10(b)(2) [prohibiting the CDCR from "consider[ing] citizenship and immigration status as a factor in determining a person's custodial classifications level, including, but not limited to, whether the person is in removal proceedings, or whether immigration authorities have issued a hold request, transfer request, notification request, or civil immigration warrant against the individual"]; CDCR, *Memorandum Re: Implementation of California Senate Bill 54, "The California Values Act"* (Jan. 2, 2018).

[15] See 15 CCR § 3375.3(f); 15 CCR § 3375.2(b)(13).

[16] 15 CCR § 3074.3(c).

[17] 15 CCR § 3040.1(c)(5).

[18] 15 CCR § 3078.3(a)(6).

[19] Government Code § 7284.10(b)(1); CDCR, *Memorandum Re: Implementation of California Senate Bill 54, "The California Values Act"* (Jan. 2, 2018).

RECEIVED

MAY - 1 2023

CCWF
GRIEVANCE OFFICE

§ 13.8

cannot be placed at a Level I minimum security facility which does not have perimeter gun towers.[20] Under the policy, the following people are not eligible for camp or MSF placements:

♦  Anyone who has previously been deported, unless they are a naturalized U.S. citizen or a U.S. permanent resident and ICE confirms the person is not deportable; and

♦  Anyone who has a potential or actual ICE hold, unless they have family ties in California or 12 months total work history in California.[21]

## 13.8    Carrying out the Detainer at the End of the CDCR Prison Term

Federal Law allows ICE to conduct removal proceedings at federal, state and local correctional facilities.[22] CDCR has an Institutional Hearing Program (IHP) for some people to have their removal proceedings at Centinela State Prison or R.J. Donovan State Prison.[23] The CDCR can transfer a person who is in general population housing to one of these prisons when the person has 45 days or less to serve before their CDCR release date (or within 15 days if the person is in a reception center).[24] The person should continue to earn credits at the same rate as prior to the transfer.[25] Currently, there are no IHP facilities for people in CDCR women's prisons.

If a person who has an ICE hold is not transferred to an IHP facility for their removal hearing, then immigration authorities should "effectively and expeditiously" take custody of the person when their term ends.[26] The CDCR policy is to hold a person with an ICE hold for 48 hours to allow ICE time to take them into custody for deportation proceedings; as of spring 2018, the policy is being challenged by immigration rights organizations.[27]

People who are being detained by ICE during their removal proceedings are usually housed in ICE Service Processing Centers or Contract Detention Centers.[28] ICE has developed conditions of confinement standards for these facilities.[29]

---

[20]  15 CCR § 3375.2(a)(4).

[21]  CDCR, *Memorandum Re: Implementation of California Senate Bill 54, "The California Values Act"* (Jan. 2, 2018); CDCR, *Memorandum Re: Modification to Minimum Custody Determinations of Foreign-Born Inmates* (Feb. 12, 2013).

[22]  8 U.S.C. § 1228(a)(1)- (2).

[23]  CDCR website, Facilities Location Information, available at www.cdcr.ca.gov/Facilities_Locator.

[24]  DOM § 6102017.1.

[25]  Penal Code § 7284.10(b)(1).

[26]  8 U.S.C. § 1357(d); see also 8 C.F.R. § 287.7.

[27]  Asian Law Caucus, National Day Laborer Organizing Network, ACLU of California and Immigrant Legal Resource Center, *Letter to CDCR Re: Implementation of the California Values Act (SB 54) and Legal Issues with Immigration Detainers* (Jan. 26, 2018).

[28]  ICE, Public Information on Immigration Detention Facilities: www.ice.gov/pi/dro/facilities.htm.

[29]  ICE, Detentions Operations Manual: www.ice.gov/partners/dro/opsmanual/index.htm.

- Domestic Violence: Some domestic violence offenses are deportable offenses.

Here are some common California convictions and their immigration consequences:

- Burglary (California Penal Code 459/460): This is not a deportable offense regardless of sentence. *Descamps v. U.S.*, 570 U.S. 254 (2013).
- Voluntary Manslaughter (California Penal Code 192(a)): This is not a removable offense although attempted voluntary manslaughter is a deportable offense. *Quijada-Aguilar v. Lynch*, 799 F.3d 1303 (9th Cir. 2015).
- Grand Theft (California Penal Code 487): California theft convictions are not considered aggravated felonies but may still be charged as crimes involving moral turpitude. *Lopez-Valencia v. Lynch*, 798 F.3d 863 (9th Cir. 2015); *United States v. Esparza-Ponce*, 193 F.3d 1133 (9th Cir. 1999).
- Robbery (California Penal Code 211): This is currently an aggravated felony if your sentence was over one year. *Matter of Delgado*, 27 I&N Dec. 100 (BIA 2017).
- Domestic Violence (California Penal Code 273.5): A conviction under 273.5 is deportable as a domestic violence offense and if your sentence is over one year, it is also an aggravated felony. *Vasquez-Hernandez v. Holder*, 590 F.3d 1053 (9th Cir. 2010).

If your conviction took place prior to November 18, 1988, it cannot be charged as an aggravated felony. *Ledezma-Galicia v. Holder*, 636 F.3d 1059 (9th Cir. 2010).

3. 212(c) Waiver

Congress eliminated the 212(c) waiver in 1997, but it is still available if your conviction was prior to November 30, 1990. It is also available if your conviction was prior to April 24, 1996 **and** you served less than five years on it. In addition, you must be a lawful permanent resident. Under a 212(c) waiver, a judge will consider factors like rehabilitation, family ties, and hardship in determining whether to grant a second chance.

4. Cancellation of Removal for Lawful Permanent Residents

If you are a lawful permanent resident and do not have an aggravated felony conviction, you may be eligible for cancellation of removal. Cancellation allows the judge to consider factors like rehabilitation, family ties, and hardship, and grant a second chance.

5. 209(c) Waiver

If you are a refugee or have asylum but never became a permanent resident, you may be able to apply for a waiver of deportation. If you became a permanent resident, this waiver is not

Scanned at CIW and E-mailed
on 5/21/24 by ___ (Initials)
(Date)
Number of pages scanned: 2

Exhibit # 2

Detainer Reciept Given to me on 05/20/2024 after I denied an interview with "ICE." Denial of interview is based on the Truth Act and my rights.

CDCR - Did not ~~Did not~~ Did not provide me at all a consent form abiding by their unlawful rights. . .

CALIFORNIA DEPARTMENT *of*
**Corrections and Rehabilitation**

# INMATE NOTIFICATION OF DETAINER RECEIPT

| INMATE'S NAME | AKA | CDC NUMBER | TODAY'S DATE |
|---|---|---|---|
| DEOLIVEIRA, FERNANDO | FERNANDA DE OLIVEIRA<br>FERNANDA DEOLIVEIRA<br>FERNANDO M DEOLIVEIRA<br>FERNANDO MIGUEL DEOLIVEIRA<br>FERNANDA DEOLIVERA<br>FERNANDA OLIVEIRA | WG9570 | 05/17/2024 |

| FACILITY NAME AND ADDRESS |
|---|
| CIW-Facility A -- Street Address Unknown / P.O. Box 1700 / Corona, California 92878 / |

| HOUSING |
|---|
| A MIUB1 - 113100L |

On 05/17/2024 a detainer was filed against you. This detainer indicates that you are wanted by ICE - San Bernardino Field Office 655 W Rialto Avenue, San Bernardino, California 92410 on a charge of illegal entry based on Warrant Number 027545816. CDCR intends to comply with this Detainer/Hold and/or Transfer request.

YOU ARE HEREBY NOTIFIED (refer only to item(s) marked).

☐ You may request disposition of untried charges in accordance with Penal Code (PC) Section 1381.

☐ You may request disposition of probation in accordance with PC Section 1203.2a (for California Counties only.)

☐ You may request disposition of untried charges in accordance with PC Section 1389. (See Agreement on Detainer Form I attached.)

☐ You may request to be returned to this jurisdiction for concurrent service of terms in re Stoliker.

If you are wanted by those authorities to complete service of an unexpired commitment in that jurisdiction and if your present California commitment has been ordered to run concurrently with that previous commitment, you may be eligible for transfer to that jurisdiction under In re Stoliker, 49 Cal. 2d 75. If you believe that you meet the above criteria, you may make a request to the Director, in writing and through the institution records office, asking that you be made available to those authorities so that your terms may run concurrent. If the Director grants your request, a letter will be sent to those authorities notifying them of your present status and of the fact that you are available to them.
Those authorities may then either: (1) request that you be transferred to them in which case you will be transferred, your sentence will run concurrently, and a detainer will be placed against you by California for your return should you complete their sentence first; (2) designate this institution as the place for service of your commitment to them in which case you will acquire the benefit of concurrent terms; or (3) deny your request in which case your only recourse will be in the courts of that jurisdiction.

☐ Pursuant to PC Section 11177.1, Uniform Act of Out-To-State Probationer or Parolee Supervision, you may waive a court appearance. See the attached, Waiver of Court Appearance - Return to Sending State.

☑ None of the above are applicable in this case.

**If the subject inmate wishes to exercise any of the above marked alternatives, he/she should direct a written request to his/her institution records office.**

| RECEIPT ACKNOWLEDGED (INMATE'S SIGNATURE) | CDC NUMBER<br>WG9570 | DATE | AUTHORIZED STAFF'S SIGNATURE |
|---|---|---|---|
| | | | |

CDCR SOMS OTRT230 – INMATE NOTIFICATION OF DETAINER RECEIPT